[No. 4284. Decided February 16, 1903.]

W. L. ROBINSON *et al., Appellants,* v. STERLING BROOKS, *Respondent.*

LIENS — ENFORCEMENT — BAD FAITH.

Where non-lienable items are wilfully and intentionally inserted in a claim of lien along with lienable items, a court of equity will refuse to enforce the lien for any portion of the claim.

SAME — DISMISSAL OF ACTION.

Where the equitable jurisdiction of the court had failed by reason of the bad faith of plaintiffs in attempting to enforce a lien for more than they were entitled to, it was not error for the court to dismiss the action and compel plaintiffs to pursue their remedy at law.

Appeal from Superior Court, Lincoln County. Hon. CHARLES H. NEAL, Judge. Affirmed.

*Martin & Grant,* for appellants.

*Myers & Warren,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This is an action in equity to foreclose a lien upon certain wheat belonging to respondent. The complaint is in the usual form of foreclosure. The notice of lien sought to be foreclosed recites, in substance, that appellants claim a lien for $110 for cutting 110 acres of wheat at the agreed price of $1 per acre. It also recites a breach of contract by respondent, on account of which breach appellants sustained damages in the sum of $60, profits which appellants would have made had the contract been completed as agreed, and further damages in the sum of $60 by reason of appellants remaining idle for four days on account of said breach of contract, and a claim of lien for the sum of $230, less $24.50 paid

thereon.   The complaint prayed for the sum of $205.50, for foreclosure of the lien to satisfy the same, and for the further sum of $100 attorney's fees, and $10 cost of preparing and filing the lien.   When the cause came on for trial, respondent objected to the lien notice offered in evidence by appellants upon the ground that the lien notice was void because lienable and nonlienable items were united therein.   The court sustained this objection.   Thereupon appellants requested the court to proceed irrespective of the lien, and to permit appellants to' establish their claim against the respondent for a money judgment. Respondent objected, this objection was sustained, and the cause dismissed.   From this judgment of dismissal the plaintiffs below prosecute this appeal.

We think the lower court was clearly right in rejecting the lien notice.   If the appellants had a right to a lien on the grain in question, the amount of the lien was for $110, less the payment of $24.50, or $85.50.   Instead of filing a lien for that amount, they filed a lien for $205.50. $120 of which was for items clearly not lienable under the statute.   Appellants never supposed, and do not now claim, that these items were lienable or inserted by mistake or inadvertence.   They were wilfully inserted in the notice of lien, and a claim made therefor.   It is manifest from the record that the lien claimants inflated their real claim for $85.50 to $205.50, and sought to foreclose the same for the full amount, besides $100 attorney's fees. The evidences of bad faith are so clear that the whole claim should fail.   *Powell v. Nolan,* 27 Wash. 338 (67 Pac. 712).

We do not think the court erred in dismissing the action. The cause was tried on the equity side of the court, and was triable without a jury.   No jury had been impaneled. If the action had been brought under the contract alleged,

or for damages for the breach thereof, the defendant would have been entitled to a jury trial. The equitable jurisdiction having wholly failed, because there was no valid lien, the right to proceed in equity should also cease. The court, in its discretion, might properly have called a jury and tried the cause as a law case; but it was not error, under the circumstances, to dismiss the action, and leave the plaintiffs to pursue their remedy at law to obtain a money judgment against the defendant.

The judgment is affirmed.

FULLERTON, C. J., and DUNBAR and ANDERS, JJ., concur.