[No. 13123. Department Two. February 15, 1916.]

JOHN R. KNIBB, *Respondent*, v. AUGUST W. MORTENSEN *et al.*, *Appellants.*[1]

MECHANICS' LIENS—CLAIM—EXCESSIVENESS—BAD FAITH. A mechanics' lien must be made in good faith, and is violated by wilful excess, where it appears that the claimant included a $300 indemnity deposit not subject to lien and other foreign items, making it twice the amount that he could honestly have thought himself entitled to, and filed the same after an award of arbitrators against him, which he had invoked but refused to adopt.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered June 7, 1915, in favor of the plaintiff, in an action to foreclose a mechanics' lien. Reversed.

*Aust & Terhune,* for appellants.

*James T. Lawler,* for respondent.

BAUSMAN, J.—Plaintiff, agreeing in writing to build the Mortensens their dwelling for $1,064, deposited a certified check for $300 to secure his good performance. The Mortensens paid him $818, and admit that they owe, and they now tender, $259, which includes a trifling extra. Knibb, claim-

[1]Reported in 154 Pac. 1109.

ing many more extras, invoked an arbitration clause on
that feature, but received an award of only $247.25. He
then filed a mechanics' lien for substantially twice what the
arbitrators allowed him and the $300 deposit besides, or, in
exact figures, $814.95. The lower court allowed him in the
present foreclosure of the lien only $100 more than the ar-
bitrators had allowed him.

The respondent owner contends that the whole lien is bad
because of its containing an obvious and wilful excess. That
contention we must sustain. The $300 was clearly no in-
gredient under our statute, and the lower court had to throw
out, besides, other foreign items. There was no time when
this plaintiff could honestly have thought himself entitled
to more than half of what he claimed in his notice of lien.
His claiming more was wilfully unfair, for it was done after
the award of the arbitrators, whose decision he does not re-
pudiate and yet will not adopt, and which, moreover, he
uses in his complaint and in his argument here to put the
other side in the position of waiver on sundry features.

In *Robinson v. Brooks*, 31 Wash. 60, 71 Pac. 721, we
held that wilful excess would vitiate the whole lien, and in
*Gilbert Hunt Co. v. Parry*, 59 Wash. 646, 110 Pac. 541,
Ann. Cas. 1912 B. 225, we reached the same conclusion,
where the excess was very great though without evidence of
bad intent. These lien laws tend to burden the sale of prop-
erty. They must be claimed in good faith. The law will not,
indeed, punish the lienor for trifles included, or even for
large sums which are fairly debatable in law. But it will
not allow an obvious misuse of the statute. This contractor
has burdened a little dwelling with twice as much as he had
a right to claim by lien, and, in our opinion, he did it wil-
fully out of an ill humor which is exhibited in sundry feat-
ures of the record. Where excessive items are claimed, the
defendant owner has the right to his trial by jury, which
the plaintiff here has avoided by proceedings under lien.

The cause will be reversed, with instructions that the action be dismissed without prejudice to a suit at law by the plaintiff upon the same subject-matter.

MORRIS, C. J., MAIN, HOLCOMB, and PARKER, JJ., concur.