[No. 22038.   Department One.   October 21, 1929.]

CHARLES A. NIEMI, *Respondent,* v. J. M. BREWSTER *et al., Appellants.*[1]

[1]Reported in 281 Pac. 488.

182

*Nelson R. Anderson,* for appellants.
*Fred M. Bond,* for respondent.

PARKER, J.—The plaintiff Niemi commenced this action in the superior court for Thurston county, seeking recovery against the defendant Brewster and the defendant Fidelity & Casualty Company as surety, upon a road construction contract bond, which contract he was to perform for the state; the recovery sought being for provisions and supplies which Niemi claims to have furnished directly to Brewster and to certain of his subcontractors for the carrying on of the work. The state was made a party defendant for the purpose of subjecting funds in its hands, owing by it to Brewster upon the completion of the contract, to payment towards satisfaction of the judgment sought. A trial upon the merits in the superior court, sitting without a jury, resulted in a judgment awarding to Niemi recovery in the total sum of $1,555.24, together with $200 attorney's fees with other taxable costs, against Brewster and Fidelity & Casualty Company; also ordering payment of the judgment from funds owing upon the

contract by the state to Brewster which had been by the state deposited with the clerk of the court. From this disposition of the case in the superior court, Brewster and Fidelity & Casualty Company have jointly appealed to this court.

In December, 1925, Brewster entered into a contract with the state, whereby he agreed to furnish all material, provisions and supplies for, and do all the work in completing, the construction of a specified portion of a state road, in accordance with plans and specifications prepared therefor and on file with the state highway department. This is the substance of undenied allegations of the complaint, and also the substance of a finding made by the trial court. The record before us offers no further information touching the terms of this contract. Neither the contract nor the plans and specifications was introduced in evidence or otherwise made part of this record. Accompanying his construction contract, Brewster executed and delivered to the state a bond with Fidelity & Casualty Company as surety thereon. This bond is, in very general terms, described in an undenied allegation of the complaint and in a finding made by the trial court in substance as being in accordance with the statutes in such cases provided. The record before us offers no further information touching its terms, so we must presume, for present purposes, that it is

" . . . conditioned that such person or persons [meaning contractor or contractors] shall faithfully perform all the provisions of such contract, and pay all laborers, mechanics, subcontractors and materialmen, and all persons who shall supply such person or persons or subcontractors with provisions and supplies for the carrying on of such work,''

as required by Rem. Comp. Stat., § 1159.

Brewster thereafter commenced performance of his construction contract, carrying it to completion and

acceptance by the proper authorities of the state. Thereafter, on March 23, 1928, "within thirty days from and after the completion of the contract with an acceptance of the work by the affirmative action" of the proper state authorities, Niemi, in accordance with Rem. Comp. Stat., § 1161, filed with the proper state authorities a notice of his claim against Brewster, as the principal contractor, and Fidelity & Casualty Company, as surety upon Brewster's contract bond, claiming against them a total sum of $5,030.44 for provisions and supplies furnished by him directly to Brewster and to certain of his subcontractors for the carrying on of the work. Niemi did not give any notice at any time to Brewster, the principal contractor, of the furnishing of any provisions or supplies to any of his subcontractors, as prescribed by Rem. Comp. Stat., § 1159-1, as a prerequisite to his, Niemi's, right of recovery as against Brewster or Fidelity & Casualty Company. Thereafter Niemi commenced this action seeking recovery against Brewster and Fidelity & Casualty Company, praying for judgment against them in the sum of $5,030.44, as claimed in his notice filed with the state authorities. Following the trial, the court made findings and awarded judgment in favor of Niemi for provisions and supplies furnished by him in the total sum of $1,555.24, $656.31 thereof being awarded for provisions and supplies which the court found to have been furnished by Niemi direct to Brewster, or upon his order, the additional amount being awarded for provisions and supplies furnished by Niemi to certain of Brewster's subcontractors; also awarded to Niemi $200 additional as attorney's fees under Rem. Comp. Stat., § 1161; and also awarded to Niemi his other taxable costs.

It is contended in behalf of Brewster and Fidelity & Casualty Company that the claim of recovery

here made by Niemi has, in legal effect, been finally adjudicated as against him by virtue of his having been made a party defendant in a similar action prosecuted by one McColl against them, Niemi being made a party defendant by McColl manifestly for the sole purpose of having his claim adjudicated superior to Niemi's claim; alleging only as against Niemi the superiority of his claim over Niemi's claim. Niemi did not appear in that action, so we may here concede that a judgment rendered in favor of McColl, in legal effect, established his claim as against Brewster and Fidelity & Casualty Company as superior to any claim Niemi might have against them, though the judgment rendered in that case did not in terms so decide, it being wholly silent touching any adjudication of Niemi's rights. Nor does it here appear that either Brewster or Fidelity & Casualty Company in any manner sought to have Niemi's claims adjudicated in that action. We are of the opinion that the judgment rendered in that action was in no sense an adjudication of any of the claims of Niemi here made as against Brewster and Fidelity & Casualty Company.

Some further contention is made that, because Niemi became a witness for certain claimants who prosecuted other actions similar to this against Brewster and Fidelity & Casualty Company, Niemi thereby became bound by the final disposition of those actions as an adjudication against his claim here made. The record before us fails to show that Niemi's testimony given in those actions was given by him in support of any interest he had in the success or failure of those actions. We do not see in the showing here made, touching Niemi's connection with those actions, any element of estoppel, in the nature of *res judicata,* as against Niemi which can be successfully invoked in this action.

It is contended in behalf of Brewster and Fidelity & Casualty Company that, because Niemi included in his notice of claim filed with the state, and in his complaint filed in this action a large number of items not chargeable against Brewster, Fidelity & Casualty Company or the fund in question, he should not be allowed any recovery in this action; invoking the holdings of this court in *Robinson v. Brooks,* 31 Wash. 60, 71 Pac. 721, and *Knibb v. Mortensen,* 89 Wash. 595, 154 Pac. 1109, in substance, that, where a large amount of nonlienable items are wilfully inserted in a claim of lien with lienable items, a court of equity may refuse to enforce the claim for the lienable items as well as for the nonlienable items; the theory of the rule manifestly being that such wilful, unnecessary burdening of the defendant's property, pending litigation, will not be sanctioned by the courts.

It does not appear by the record before us in this case that the amount of funds in the hands of the state, and owing by it to Brewster upon the construction contract which was held because of the pending of Niemi's claim, was substantially in excess of the amount of recovery ultimately awarded by the trial court. We think it does not here appear that either Brewster or Fidelity & Casualty Company suffered any undue prejudicial effect by the filing of Niemi's notice claiming an excessive amount as against them. True, as will presently appear, our disposition of this appeal results in materially lessening the recovery awarded by the trial court, but we cannot say under the circumstances that Niemi's claim was wilfully or in bad faith made by him other than possibly in excess of the amount of recovery awarded to him by the trial court; that is, his claim to the extent awarded by the trial court was not wilfully excessive. We are only assuming, not deciding, that the excessive lien claim rule invoked by coun-

sel for Brewster and Fidelity & Casualty Company is applicable to actions of this nature.

██ It is contended in behalf of Brewster and Fidelity & Casualty Company that, as to all provisions and supplies furnished by Niemi to Brewster's subcontractors, Niemi should be denied recovery, because he did not give to Brewster any notice of the furnishing of provisions or supplies to any of his subcontractors. Rem. Comp. Stat., § 1159-1, reads:

"Every person, firm or corporation furnishing materials, supplies or provisions to be used in the construction, performance, carrying on, prosecution or doing of any work for the state, or any county, city, town, district, municipality or other public body, shall, not later than ten days after the date of the first delivery of such materials, supplies or provisions to any subcontractor or agent of any person, firm or corporation having a subcontract for the construction, performance, carrying on, prosecution or doing of such work, deliver or mail to the contractor a notice in writing stating in substance and effect that such person, firm or corporation has commenced to deliver materials, supplies or provisions for use thereon, with the name of the subcontractor or agent ordering or to whom the same is furnished and that such contractor and his bond will be held for the payment of the same, and no suit or action shall be maintained in any court against the contractor or his bond to recover for such material, supplies or provisions or any part thereof unless the provisions of this act have been complied with."

This statutory prerequisite to Niemi's right to recovery for provisions and supplies furnished to Brewster's subcontractors, as we have already seen, was not in any degree complied with by Niemi. Our decisions in *Ledingham v. Blaine,* 105 Wash. 253, 177 Pac. 783, and *Neary v. Puget Sound Eng. Co.,* 114 Wash. 1, 194 Pac. 830, have given full force and effect to this statutory requirement. Counsel for Niemi

seeks to avoid this effect in this action, invoking our decisions in *Cascade Construction Co. v. Snohomish County,* 105 Wash. 484, 178 Pac. 470, and *Rachow v. Philbrick & Nicholson,* 148 Wash. 214, 268 Pac. 876; the theory of the contention being that Brewster waived the giving of the notice as required by § 1159-1, above quoted. In the *Cascade Construction Company* case, the construction contract between the principal contractor and the county in terms provided that "the contractor shall file with the board a duplicate of all subcontracts made by him." This it failed to do, and in that case, it was held that, because of such failure, the contractor waived its right to the notice prescribed by § 1159-1. In the *Rachow* case, the construction contract with the state in terms provided that:

"Any subcontractor shall be considered the agent of the contractor and the latter shall be responsible for any indebtedness incurred by such agent."

In that case, it was held that, by reason of this express contract obligation, the principal contractor waived the right to notice as required by § 1159-1. As already noticed by us, it does not appear in this record that there were any such provisions as these in the principal construction contract here in question. Indeed, we are not informed as to what the details of that contract were, but only in very general terms, in the complaint and the findings, that it was a construction contract by which Niemi was to furnish materials and supplies for and construct a specified portion of a state road, according to plans and specifications; neither the contract nor the plans and specifications are in any manner made part of the record in this case. This being a question of waiver by Brewster of the notice prescribed by § 1159-1, above quoted, the burden was upon Niemi to show facts constituting such waiver by Brewster. This he has failed to do. We are

of the opinion, therefore, that Niemi cannot be awarded recovery for any provisions and supplies furnished to subcontractors of Brewster; that is, he cannot be awarded recovery in this action other than for provisions and supplies furnished by him directly to Brewster or upon Brewster's order.

The court found and adjudged recovery in favor of Niemi against Brewster and Fidelity & Casualty Company in the sum of $656.31 as the value of provisions and supplies furnished by Niemi directly to Brewster or upon his order. Contention is made that the evidence does not support such award. This contention presents only questions of fact. We have examined the evidence as presented to us in the abstract of the evidence touching the items making up this award. We do not feel called upon to here review the evidence touching these items, deeming it sufficient to say that we are convinced that it does not preponderate against the trial court's award to this extent.

Contention is finally made in behalf of Brewster and Fidelity & Casualty Company that the award of $200 attorney's fees to Niemi was not warranted in the light of this record, counsel invoking the provisions of Rem. Comp. Stat., § 1161, reading as follows:

" . . . in any suit or action brought against such surety or sureties by any such person or corporation to recover for any of the items hereinbefore specified, the claimant shall be entitled to recover in addition to all other costs, attorney's fees in such sum as the court shall adjudge reasonable: *Provided, however,* That no attorney's fees shall be allowed in any suit or action brought or instituted before the expiration of thirty days following the date of filing of the notice hereinbefore mentioned: . . ."

The argument proceeds upon the theory that this action being commenced by Niemi on April 6, 1928,

before the expiration of thirty days following the date of the filing of his notice of claim, he should not be awarded attorney's fees. The trial did not commence until September 18, 1928, and it is manifest from the record before us that Brewster and Fidelity & Casualty Company were at all times strenuously resisting any recovery in any amount by Niemi. The reason of the statutory provision above quoted manifestly is to prevent a claimant from burdening the defendant with costs in the form of attorney's fees by the mere commencement of his action prior to the expiration of the thirty-day period prescribed by the statute, and thus become entitled to such fee when no actual, contested litigation ensues. The reason of the rule manifestly is absent as applicable to this case, and hence we are of the opinion that the statute should not be literally read and applied here as against Niemi's right to attorney's fees as awarded by the trial court, in view of the contest upon the merits which followed.

We conclude that the judgment of the trial court must be affirmed in so far as it awards recovery in favor of Niemi in the sum of $656.31 as the value of provisions and supplies furnished by him directly to Brewster or upon his order, and in so far as it awards to Niemi recovery of $200 attorney's fees with his other costs incurred in the superior court; and that in all other respects the judgment should be reversed. It is so ordered, and the cause remanded to the superior court with directions to correct its judgment accordingly.

Brewster and Fidelity & Casualty Company, having obtained upon this appeal, by our decision, a substantial diminishing of the judgment rendered against them by the trial court, are awarded their costs and disbursements incurred in prosecuting their appeal.

MITCHELL, C. J., TOLMAN, and MILLARD, JJ., concur.

BEALS, J. (concurring)—I concur, save as to the allowance of an attorney's fee to respondent, upon which point I dissent.

[1] Reported in 281 Pac. 482.