[No. 34874.    Department Two.    October 15, 1959.]

E. R. HAYNES, *Respondent and Cross-appellant,* v. COLUMBIA PRODUCERS, INC., *Appellant.*[1]

*Paine, Lowe, Coffin & Herman (Horton Herman,* of counsel), for appellant.

[1]Reported in 344 P. (2d) 1032.

*Erickson & Freeman* (*Harvey Erickson,* of counsel), for respondent and cross-appellant.

FINLEY, J.—E. R. Haynes, a general contractor, brought this action to recover money allegedly due him from the defendant, Columbia Producers, Inc., under four contracts entered into between the parties.

At the trial the work done pursuant to each of the four contracts was referred to by a separate job number. For convenience, we will refer to the contracts in the same manner. The first contract (Job 5-14) was the only one of the four in writing. It provided for the construction of a grain elevator and was a "fixed-price" contract. The second contract (Job 5-16) was also for a fixed amount. It was for the construction of a foundation and concrete slabs for a steel warehouse to be erected adjacent to the elevator. The third and fourth agreements were both "cost-plus" contracts. One of them (Job 5-19) provided for the labor and material for the construction of an under-tunnel and foundation, and a slab, for a storage warehouse. The fourth contract (Job 5-26) was for the installation of machinery to be used in the storage warehouse building.

One of the principal causes of the difficulties between plaintiff and defendant was that all four contracts were being performed simultaneously, and the work was being done at the same location. During the trial, the corporation contended, *inter alia,* that the contractor had billed many items to the cost-plus contracts, whereas, in fact, these items should have been charged to the "fixed-price" contracts.

Plaintiff Haynes performed all work required under the contracts. The sole dispute at the trial concerned the amount, if any, which defendant corporation owed the plaintiff. The trial court entered judgment for the plaintiff in the sum of $28,052.99, plus interest. Both parties have appealed, the plaintiff claiming a greater amount than was awarded to him, and the defendant claiming that the amount of the judgment was too large. For convenience, we shall

hereinafter refer to the appellant as Columbia Producers and to the respondent—cross-appellant as Haynes.

Under the machinery installation contract (Job 5-26), Haynes agreed to install certain machinery in Columbia Producers' elevator. Columbia Producers purchased this machinery from a third party, the Carter-Miller Company, thereby receiving a discount of $1,948. Columbia Producers directed Carter-Miller to credit the $1,948 discount to Haynes, who had an account with Carter-Miller for other purchases completely independent from the work he was then doing for Columbia Producers. The obvious effect was, of course, that Haynes owed Carter-Miller $1,948 less than he had owed before the discount was credited to his account.

Columbia Producers contended that the "plus" amount agreed to as the contractor's fee on Job 5-26 was the discount that the corporation caused to be credited to Haynes' account with Carter-Miller. The trial court found that the parties had agreed that the "plus" amount would be ten per cent of cost, and made no finding relative to the Carter-Miller discount.

The appellant, Columbia Producers, does not assign error to the finding of the trial court that the parties agreed to a contractor's fee of ten per cent. Its assignment of error is directed to the failure of the trial court to make any finding relative to the discount. It is urged by Columbia Producers that the effect of the trial court's decision on this point is to give a double allowance to Haynes. With this we agree.

█ Columbia Producers directed Carter-Miller to credit Haynes with this discount, under the mistaken impression that this was what the parties had agreed to as the contractor's fee on Job 5-26. The fact that Columbia Producers was mistaken on this point does not entitle Haynes to a ten per cent fee and the discount. Haynes' contention that Columbia Producers gave him this discount merely as a gratuity is not supported by the record, and is not consistent with the business relationship existing between these parties. In short, Columbia Producers' first assignment of error is well

taken, and it should be allowed $1,948 as an offset against the judgment awarded Haynes.

■ As part of Haynes' costs on the machinery installation contract (Job 5-26), the trial court allowed him $1,061.30 for labor used to install certain bin dividers. Columbia Producers contend that the obligation to install these dividers existed under Job 5-14, and that, consequently, it was error to allow these costs as a part of Job 5-26. This is not merely a dispute without substance, as it will be remembered that Job 5-14 is a "fixed-price" contract, whereas Job 5-26 is a "cost-plus" contract.

The contract entered into between these parties for the construction of the elevator (Job 5-14) obligated Haynes to furnish labor and all other costs necessary to complete a reinforced concrete elevator as shown on certain plans. These plans were introduced into evidence, and it is readily apparent that they provided for the construction of bin dividers.

The oral contract made for the installation of machinery (Job 5-26) was subdivided as follows: (a) hopper bin bottoms; (b) spoutings; (c) belt conveyors; and (d) general machinery installation. It will be noticed that there was no obligation under this contract for installation of any bin dividers. Rather, this obligation clearly existed under the contract entered into for the construction of the elevator. Accordingly, the judgment awarded Haynes should be reduced in the further amount of $1,061.30 (independent of any interest calculation).

Columbia Producers next contends that the trial court erred in refusing to credit it with $2,467.18, representing the amount charged by Haynes for certain sheet steel, and the transportation thereof, for use in the construction of bin bottoms and hoppers on Job 5-26. The total bill for this item was $4,164.18, representing 38,352 pounds of steel, plus transportation. Columbia Producers claims that only 20,000 pounds were actually used on Job 5-26. The trial court, faced with conflicting testimony, found for Haynes on this issue. We have carefully examined the record and conclude that it supports this finding.

Finally, Columbia Producers urges that the trial court erred in allowing Haynes interest on the amount found due him. In this connection it asserts that a trial of this case was necessary in order to determine how much was owing from it to Haynes, and that, consequently, this amount was not liquidated in the sense that it could have been determined prior to trial. Columbia Producers bases this assertion on the fact that Haynes allegedly failed to furnish adequate or proper billings, in that many items were being charged to the cost-plus contracts which should have been charged to the fixed-price contracts. Columbia Producers asserts that, in addition, many other items on the bill were overcharges. Even assuming these facts to be substantially true, we conclude that the trial court was correct in the allowance of interest.

In *Mall Tool Co. v. Far West Equipment Co.* (1954), 45 Wn. (2d) 158, 273 P. (2d) 652, this court quoted with approval from McCormick on Damages 213, § 54, that

" 'A claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, *without reliance upon opinion or discretion.* Examples are claims upon promises to pay a fixed sum, claims for money had and received, claims for money paid out, and claims for *goods or services to be paid for at an agreed rate.*' " (Italics ours.)

and that

" 'If the claim is one of the kinds mentioned above, it is still "liquidated," by what seems the preferable view, even though it is disputed in whole or in part.' "

In further explanation of the above, McCormick continues by stating:

" 'Doubtless all courts would agree that a specific sum of money named in and covenanted to be paid by an express contract, where the liability to pay the principal sum is undisputed, is a "liquidated" sum. Such admitted claims rarely give rise to any controversy over interest. Is the claim for such a sum still a "liquidated" demand, where the defendant denies all liability under the contract, *or disputes liability for certain items and admits others*? It would seem that the existence of a dispute over the whole or part of the claim should not change the character of the claim

from one for a liquidated, to one for an unliquidated, sum, and this conclusion finds support in the cases. . . .

" 'In short, *it is the character of the claim* and not of the defense that is determinative of the question whether an amount of money sued for is a "liquidated sum." ' " (Italics ours.)

■ We are convinced that the *character of the claim* in the case at bar is liquidated. Two of these contracts were for fixed amounts. The other two were for costs, plus ten per cent of costs, as the contractor's fee. All were subject to mathematical computation to arrive at the amount owed. It was not necessary to rely on opinion evidence. In short, the amounts owed were determinable within the meaning of the *Mall Tool* case, *supra*. The trial court did not err in allowing interest.

We turn now to a discussion of the assignments of error raised by Haynes on his cross-appeal, only one of which we need to discuss in detail.

The written contract entered into for the construction of the elevator (Job 5-14) provided that Haynes should be allowed extra compensation if it became necessary for him to excavate any "rock." The trial court found that Haynes had expended $1,814.11 for extra excavation within the terms of the contract. However, the trial court also found that, under the original plans, Haynes was obligated to construct a basement, size 40' by 40'. It is admitted that the basement as it was finally constructed was only 20' by 40'. The trial court determined that there was a saving to Haynes of $1,690 in the construction of the smaller basement; consequently, the $1,814.11 allowed for the rock excavation was reduced by the amount of $1,690.

Haynes contends that there is no substantial evidence in the record to support the trial court's finding that, under the contract, he was originally obligated to construct a basement, 40' by 40'. Haynes argues that the agreement between the parties was originally for a basement 20' by 40'. We believe there is merit to this contention.

■ ■ The written contract did not specify what the dimensions of the basement were to be. The contract merely required Haynes to construct the basement in accordance

with certain plans. From the plans it is difficult to ascertain the actual size the basement was to be. For example, one of Columbia Producers' witnesses, an engineer, testified that the plans called for the basement to be 40′ by 40′; on cross-examination, however, he admitted that the plans showed only a one-sided view of the basement. The only probative evidence concerning the agreement between the parties which we have found in the record is the testimony of Haynes. He testified that, originally, it was agreed the basement would be 40′ by 20′. As there appears to be no evidence to contradict this testimony, it follows that the trial court erred in finding that the original plans specified the basement should be 40′ by 40′, and in awarding the amount of $1,690 as a credit to Columbia Producers.

The remaining four assignments of error raised by Haynes are all directed to the trial court's findings of fact. By his pleadings, as modified by a pretrial order, Haynes claimed (1) that he was entitled to $3,874.00 for extra work done on Job 5-16 for the reason that he was required to level certain ground before commencing construction of the warehouse required by that job; (2) that he was entitled to $980.27 for cement delivered, and (3) to $982.25 for excavation done on Job 5-19 over and above the mount allowed by the trial court; (4) that he had filed a claim of lien against Columbia Producers within ninety days after the termination of work as required by statute. The trial court found adversely to Haynes on each of these claims. Our examination of the record discloses that the evidence amply supports these findings.

The net effect of our decision is to allow Haynes $1,319.30 (independent of any recalculation of interest) less than was allowed him by the trial court. Under the circumstances, neither party shall recover costs on this appeal.

The cause is remanded with directions to the trial court to enter judgment in accordance with the views expressed herein.

WEAVER, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.

December 16, 1959. Petition for rehearing denied.