[No. 1239-1.    Division One—Panel 2.    May 7, 1973.]

C-STAR CONCRETE CORPORATION, *Respondent*, v. HAWAIIAN INSURANCE AND GUARANTY COMPANY *et al.*, *Appellants.*

*Kafer, Wilson & Luchini* and *Benjamin A. Luchini*, for appellants.

*Bell, Ingram, Johnson & Level* and *Edward E. Level*, for respondent.

HOROWITZ, J.—Plaintiff C-Star Concrete Corporation, a materialman sued defendants Utilities Construction Corporation, contractor, and Hawaiian Insurance and Guaranty Company, its surety on the construction bond, to recover for materials furnished for incorporation in a municipal street improvement in Everett, Washington. The court grant-

ed plaintiff a summary judgment for sums admittedly owing, together with an attorney's fee, interest and costs. Defendants appeal only from the award of the last three items.

C-Star supplied certain materials to Utilities for street improvement in Everett, Washington, pursuant to a written contract between them. Following a dispute over billing, C-Star filed a complaint against Utilities and Hawaiian for $20,202.23. Each defendant denied liability. The contractor also pleaded several affirmative defenses, and alleged that "the sum of $19,842.09 is herewith tendered in satisfaction of said indebtedness to the plaintiff through the Clerk of the Court." No sum accompanied the tender alleged.

On September 2, 1970, C-Star moved for summary judgment against defendants, the motion being supported by two affidavits setting out the items making up the account. The contractor's defense was contained in its attorney's affidavit, which pointed out the respects in which plaintiff's claims were excessive. However, it was admitted in the affidavit that after making certain corrections, the amount owing was $18,486.85. Defendant tendered a check for the admitted sum to the clerk of the court. The court later entered summary judgment in favor of C-Star for the sum admitted to be due, but reserved a determination of the amount to be allowed by way of attorney's fees and interest to a later date. On November 9, 1970, the court entered an order allowing plaintiff attorney's fees of $1,000, interest of $1,566.95, and statutory costs of $31. Defendants appeal from the November 9, 1970 order contending that neither the attorney's fees, costs, nor interest should be allowed.

Defendants contend that RCW 39.08.030 is a bar, first, to plaintiff's right of action on the surety bond because plaintiff's notice for a claim of lien was premature in that it was filed before the street improvement project was accepted by the City of Everett, and second, to plaintiff's claim for attorney's fees because plaintiff's action was instituted before the expiration of 30 days following a timely filing of the above-mentioned notice.

■ RCW 39.08.030 authorizes the allowance of attorney's fees in an action brought by a claimant against the surety on a contractor's bond described in RCW 39.08.010. RCW 39.08.030 also provides a formula for fixing the amount of the surety bond, and confers upon claimants, including materialmen, a right of action on the bond

> *Provided,* That such persons shall not have any right of action on such bond for any sum whatever, unless within thirty days from and after the completion of the contract with an acceptance of the work by the affirmative action of the board, council, . . . or body acting for the . . . municipality, . . . the . . . materialman . . . shall present to and file with such board, council, . . . or body acting for the . . . municipality, . . . a notice in writing in substance as follows:
>
> . . .
>
> . . . and in any suit or action brought against such surety or sureties by any such person or corporation to recover for any of the items hereinbefore specified, the claimant shall be entitled to recover in addition to all other costs, attorney's fees in such sum as the court shall adjudge reasonable: *Provided, however,* That no attorney's fees shall be allowed in any suit or action brought or instituted before the expiration of thirty days following the date of filing of the notice hereinbefore mentioned: . . .

The first quoted proviso of RCW 39.08.030 is inapplicable. In fixing a 30-day filing period after acceptance of the work, the statute merely fixes "a limit beyond which the notice of claim cannot be filed . . ." *Washington Monumental & Cut Stone Co. v. Murphy,* 81 Wash. 266, 274, 142 P. 665 (1914). As the court in *Washington Monumental & Cut Stone Co. v. Murphy, supra,* points out:

> The purpose of the statute was fully met . . . when, after completion of its own contract, it filed its claim at a time short of thirty days after acceptance of the whole work covered by the general contract . . .

81 Wash. at 274-75. To the same effect *see Puget Sound Bridge & Dredging Co. v. Jahn & Bressi,* 148 Wash. 37, 268 P. 169 (1928); *Cascade Lumber Co. v. Aetna Indem. Co.,* 56

Wash. 503, 106 P. 158 (1910). The second quoted proviso in RCW 39.08.030 disallowing attorney's fees if suit or action is "brought or instituted before the expiration of thirty days following the date of filing of the notice hereinbefore mentioned," is also inapplicable. Plaintiff commenced suit on June 30, 1970, on a notice filed April 20, 1970—more than 30 days after the written notice was filed.

■ Defendant surety contends that an attorney's fee cannot be allowed against it because the surety did not contest plaintiff's claim. It argues it merely denied that the sum of $20,202.23 was the correct sum owing. The surety's answer did much more. It denied the allegations of the complaint except that it admitted that it "is surety on a contractor's bond provided by the defendant" contractor. It alleged affirmatively "that the plaintiff did not file a proper notice of its claim and that said notice is defective and not timely." It prayed "that said complaint be dismissed and it recover its costs and disbursements incurred herein." Such an answer clearly contests the claim. The surety relies on *Brear v. State Highway Comm'n,* 67 Wn.2d 308, 407 P.2d 423 (1965); *Niemi v. Brewster,* 154 Wash. 181, 281 P. 488 (1929); *Maryland Cas. Co. v. Hill,* 100 Wash. 289, 170 P. 594 (1918). The cases are distinguishable.

Defendant claims the amount of the attorney's fees is excessive. The issue raised is not assigned as error and cannot be considered. CAROA 43.

■ Defendants contend that plaintiff is not entitled to interest because the sums sued for were unliquidated. C-Star's contract with defendant Utilities Construction Corp. provides:

> Accounts are due on the 10th of the month following delivery. Interest at 1% per month will be charged on any overdue account.

Plaintiff sued for $20,202.23. The contractor's answer admitted that the sum owing was $19,842.09. Following the motion for summary judgment, it admitted and tendered into court the sum of $18,486.85. The court allowed interest on the sum so tendered from December 23, 1969, the date of

last delivery of material according to invoices in the record, until September 17, 1970, the date when defendant contractor deposited its check into court of $18,486.85. The items in dispute between the parties are liquidated. They concern an overcharge for water, an improper charge for sales tax, the duplication of one charge, and the erroneous inclusion of a sum independently recoverable. The controversy is not over the amount of any of these items to be established by testimony in the nature of "opinion or discretion." The controversy is one only as to liability. The sum recoverable is, therefore, a liquidated sum and interest is chargeable thereon. *Prier v. Refrigeration Eng'r Co.*, 74 Wn.2d 25, 442 P.2d 621 (1968); *Haynes v. Columbia Producers, Inc.*, 54 Wn.2d 899, 344 P.2d 1032 (1959); *Mall Tool Co. v. Far West Equip. Co.*, 45 Wn.2d 158, 273 P.2d 652 (1954).

Defendants finally contend that the court erred in awarding attorney's fees, interest and costs (a) after a full tender pursuant to RCW 4.84.110 and 4.84.120 and acceptance of the tender; and (b) after tender pursuant to the same statutes "which exceeded the judgment entered in this cause." We consider these contentions together.

RCW 4.84.110 provides:

> When in an action for the recovery of money, the defendant alleges in his answer, that, before the commencement of the action, he tendered to the plaintiff the full amount to which he is entitled, in such money as by agreement ought to be tendered, and thereupon brings into court, for the plaintiff, the amount tendered, and the allegation be found true, the plaintiff shall not recover costs, but shall pay them to the defendant.

RCW 4.84.120 provides:

> If the defendant in any action pending, shall at any time deposit with the clerk of the court, for the plaintiff, the amount which he admits to be due, together with all costs that have accrued, and notify the plaintiff thereof, and such plaintiff shall refuse to accept the same in discharge of the action, and shall not afterwards recover a larger amount than that deposited with the clerk, exclusive of interest and cost, he shall pay all costs that may accrue from the time such money was so deposited.

RCW 4.84.110 is inapplicable because defendants in their answer, although admitting that $19,842.09 is owing, did not tender that sum into court as the statute requires. RCW 4.84.120 is inapplicable because the tender of $18,486.85 into court for the plaintiff did not include "all costs that have accrued." The tendered sum consisted only of the principal sum owing. The remaining arguments of the parties do not change the conclusions reached.

The judgment is affirmed.

WILLIAMS and CALLOW, JJ., concur.