145 P.3d 399 (2006)
DIAMACO, INC., a Washington, Corporation, Respondent/Cross-Appellant,
v.
Allen R. METTLER and May J. Mettler, husband and wife, d/b/a Arm Construction, Appellants/Cross-Respondents.
Allen R. Mettler and May J. Mettler, husband and wife, d/b/a Arm Construction, Appellants/Cross-Respondents,
v.
Travelers Casualty and Insurance Co. of America, Bond No. XXXXXXXXX; Travelers Casualty and Insurance Co. of America, Bond No. XXXXXXXXX; and Bellingham National Bank, Account No. XXXXXXXXXXXX, Respondents/Cross-Appellants.
No. 56234-7-I.
Court of Appeals of Washington, Division 1.
October 23, 2006.
Jon Emmett Cushman, Attorney at Law, Olympia, WA, for Appellants/Cross-Respondents.
*400 Christon Clark Skinner, Law Office of Skinner & Saar PS, Oak Harbor, WA, Catherine Wright Smith, Devin T. Theriot-Orr, Edwards Sieh Smith & Goodfriend PS, James Talbot Hopkins, Schiffrin Olson Schlemlein & Hopkins, Seattle, WA, for Respondents/Cross-Appellants.
GROSSE, J.
¶ 1 While the award of attorney fees is not discretionary under the bond and retainage statutes pertaining to public work contracts, the amount of any such award is discretionary. An attorney's submission of actual fees does not remove the trial court's authority and duty to review those fees to determine whether they are reasonable. In the instant case, the trial court discharged that duty. Absent a showing of an abuse of discretion, an appellate court will not overturn an award of attorney fees. Here, there was no such abuse. Accordingly, the trial court's award of attorney fees is affirmed.

FACTS
¶ 2 Allen Mettler, d/b/a ARM Construction (ARM), subcontracted with the prime contractor, Diamaco, to provide the Modified Contract Overlay for the King County Duvall Bridge Project. ARM performed its tasks and also provided additional work. Diamaco refused to pay both the subcontract balance and the monies for the extra work.
¶ 3 Under the prime contract and pursuant to chapter 39.08 RCW, King County required a payment and performance bond which Diamaco purchased from Travelers Casualty & Surety Company of America (Travelers) on April 18, 2002. Additionally, in lieu of posting retained funds with King County, Diamaco purchased a retainage bond from Travelers in the amount of $86,807.10 pursuant to chapter 60.28 RCW.
¶ 4 On October 15, 2002, ARM filed a notice with King County and Travelers of a claim against the bond and retainage percentage pursuant to chapters 39.08 and 60.28 RCW. On November 13, 2002, Diamaco sued ARM in Island County Superior Court seeking both liquidated damages and damages for delay of the project. ARM denied any liability and counterclaimed seeking to recover the balance owed and the costs for its extra work. Travelers also submitted a denial of the claim, but it admitted its surety relationship with Diamaco. At a jury trial ARM prevailed. The trial court awarded attorney fees in the amount of $135,000 under RCW 39.08.030[1] and RCW 60.28.030.[2]
¶ 5 ARM appeals alleging the trial court erred by failing to award its actual fees incurred. Diamaco and Travelers cross-appeal contending the trial court erred in awarding any fees at all under chapters 39.08 and 60.28 RCW.

ANALYSIS
Amount of Attorney Fees
¶ 6 The trial court entered extensive findings of facts and conclusions of law in determining the amount of attorney fees that should be awarded. ARM does not ascribe any errors to those findings, and thus the findings become verities on appeal.[3] Here, the trial court was meticulous in reviewing ARM's requests for attorney fees. The trial court noted that the issues were not particularly complex. It further noted that the trial should have been completed in 10 days and not the 15 that it actually took. Although the actions of both counsel contributed to the substantial trial length, the trial court took particular note of the "ponderous" questioning by ARM's counsel.
¶ 7 The trial court found that the actual attorney fee request submitted was *401 $188,789.25, and not the $213,771.75 claimed by ARM. The court determined that the amount at issue in this case was $140,955 and that ARM had prevailed on approximately 84 percent of that amount. The trial court denied ARM's request for a 33 percent "lodestar bonus" setting forth several reasons. The court examined in detail the billable hours submitted by ARM's attorney. It noted that seven people, including four attorneys and three paralegals worked on this case and that the billing records reflected an inordinate amount of time on the preparation and review of documents. While noting that attorneys often work more than 8 hours during a trial, the court found that ARM's charging of 12 hours a day, coupled with billings for attorneys who were working that same day back in the office was excessive. As a result, the court lowered the trial court fees to 10 hours per day for trial counsel.
¶ 8 It is sufficient for this court to note that the trial court was detailed in its rulings in establishing that the fees awarded were reasonable. Generally, an appellate court reviews the reasonableness of an attorney fee award under the abuse of discretion standard. That standard is clearly described in Boeing Company v. Heidy[4] and Brand v. Department of Labor & Industries,[5] to wit: "A trial court abuses its discretion only when the exercise of its discretion is manifestly unreasonable or based upon untenable grounds or reasons."[6] It is clear from the court's extensive findings that no such abuse occurred.
¶ 9 Accordingly, we find that the trial court did not abuse its discretion and uphold the amount of attorney fees awarded.
Cross-Appeal
¶ 10 Diamaco and Travelers cross-appeal contending the trial court erred in awarding fees under chapters 39.08 and 60.28 RCW.
¶ 11 Travelers' primary contention is that it did not have a sufficiently adverse interest in the matter to justify an award of fees under chapter 39.08 RCW because it was the surety in this case. Travelers contends that it admitted each and every allegation regarding its position as surety to ARM and ARM's perfection of its claim against the bond. Travelers further argues that the denial of the substantive claims was merely pro forma. Travelers' relies upon Lakeside Pump & Equipment, Inc. v. Austin Construction Company[7] as support for its theory that it has no adverse interest. However, Lakeside is distinguishable from the present case. In Lakeside, the bonding company appeared but unlike the present case, it did not answer on its own behalf.[8] Here, Travelers denied the sums owing and the other allegations in the complaint. While it admitted that it was the surety, it also requested that ARM's counterclaim against Diamaco and its surety be dismissed. The trial court found that the denial of the substantive claims by Travelers was sufficient to create an adverse relationship between the parties. We agree with the trial court's assessment.
¶ 12 Travelers next contends that the trial court erred in awarding attorney fees under RCW 60.28.030. RCW 60.28.030 provides in part: "In any action brought to enforce the lien, the claimant, if he prevails, is entitled to recover in addition to all other costs, attorney fees in such sum as the court finds reasonable." Travelers reliance upon Expert Drywall v. Ellis-Don Construction[9] is misplaced. In Expert Drywall, the parties arbitrated their claim. No claim was made under RCW 60.028.030.
¶ 13 RCW 60.28.030 and RCW 39.08.030 provide for attorney fees in any action brought to enforce the lien.[10] Under *402 RCW 39.08.030 attorney fees are authorized in an action brought against the bond. A surety contests a right to recover when it denies the allegations in a complaint and seeks dismissal of an action.[11] Here, Travelers denied the sums owing and the other allegations in the complaint. It admitted that it was the surety and requested that ARM's counterclaim be dismissed. The trial court found that Travelers actively resisted ARM's claims by denying all liability to ARM. We agree and find that the award of attorney fees was appropriate.
¶ 14 Both parties have requested attorney fees on appeal. Since in this appeal, neither party substantially prevails, neither is entitled to fees on appeal. The trial court is affirmed.
WE CONCUR: AGID and BAKER, JJ.
NOTES
[1] RCW 39.08.030 provides in part: "[I]n any suit or action brought against such surety or sureties by any such person or corporation to recover for any of the items hereinbefore specified, the claimant shall be entitled to recover in addition to all other costs, attorney's fees in such sum as the court shall adjudge reasonable."
[2] RCW 60.28.030 provides in part: "In any action brought to enforce the lien, the claimant, if he prevails, is entitled to recover, in addition to all other costs, attorney fees in such sum as the court finds reasonable."
[3] Sackett v. Santilli, 101 Wash.App. 128, 132, 5 P.3d 11 (2000), aff'd, 146 Wash.2d 498, 47 P.3d 948 (2002).
[4] Boeing, 147 Wash.2d 78, 90, 51 P.3d 793 (2002).
[5] Brand, 139 Wash.2d 659, 665, 989 P.2d 1111 (1999).
[6] Boeing, 147 Wash.2d at 90, 51 P.3d 793 (citing Brand, 139 Wash.2d at 665, 989 P.2d 1111).
[7] Lakeside, 89 Wash.2d 839, 576 P.2d 392 (1978).
[8] Lakeside, 89 Wash.2d at 846 n. 2, 576 P.2d 392.
[9] Expert Drywall, 86 Wash.App. 884, 939 P.2d 1258 (1997).
[10] Keller Supply Co. v. Lydig Constr. Co. 57 Wash.App. 594, 601, 789 P.2d 788 (1990).
[11] C-Star Concrete Corp. v. Hawaiian Ins. & Guar. Co., 8 Wash.App. 872, 875, 509 P.2d 758 (1973).