[No. 38114.    Department One.    March 3, 1966.]

Neil F. Lampson Equipment Rental and Sales, Inc.,
*Respondent*, v. West Pasco Water System, Inc.,
*Appellant*, George A. Grant, Inc., *Respondent*,
Tri-Co Steel Erectors, Inc., *Defendant*.*

*Olson & Olson*, by *Roger L. Olson*, for appellant.

*Loney, Westland, Koontz & Raekes*, by *Philip M. Raekes*,
and *Leavy & Taber*, by *James Leavy*, for respondents.

Langsdorf, J.†—This is an appeal from a judgment of the
Superior Court for Franklin County, foreclosing a lien
based on the furnishing of equipment with an operator.

On June 27, 1963, Tri-Co Steel Erectors, Inc., contracted
with West Pasco Water System, Inc. (appellant), to erect

*Reported in 412 P.2d 106.

†Judge Langsdorf is serving as a judge pro tempore of the Supreme
Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

a water tower on real property of the appellant located in Franklin County, for a firm price of $2,625, including crane rental. The respondent, George A. Grant, Inc., at the request of an agent of Tri-Co Steel Erectors, Inc., furnished a crane with an operator during the period from June 28 to July 3, 1963, at an agreed price. George A. Grant, Inc., claimed a lien for $702, and properly recorded it with the Franklin County Auditor on September 10, 1963. George A. Grant, Inc., gave no written notice to West Pasco Water System, Inc., that they were furnishing equipment and/or labor.

The respondent, Neil F. Lampson Equipment Rental and Sales, Inc., at the request of Tri-Co Steel Erectors, Inc., furnished a crane with operator during the period from July 3 to July 6, 1963, at an agreed price. Neil F. Lampson, Inc., claimed a lien for $845 and properly recorded it with the Franklin County Auditor on October 2, 1963. Neil F. Lampson, Inc., gave no notice in writing to West Pasco Water System, Inc., that they were furnishing equipment and/or labor. The appellant paid Tri-Co Steel Erectors, Inc., the full contract price and Tri-Co Steel Erectors, Inc., failed to pay either of the respondents.

The trial court granted a decree of foreclosure for the amounts claimed on the liens. Appellant claims as error the court's finding that the furnishing of a crane with an operator constituted labor under the lien laws of the State of Washington and therefore no notice need be given to the landowner to make the lien effective.

■ Before discussing this question, we must answer respondents' contention that appellant's failure to set out the findings of fact claimed to be in error is in violation of Rule on Appeal 43, RCW vol. 0[1]. The respondents argue

---

[1]"No alleged error of the superior court will be considered by this court unless the same be definitely pointed out in the 'assignments of error' in appellant's brief. In appeals from all actions at law or in equity tried to the court without a jury, the findings of fact made by the court will be accepted as the established facts in the case unless error is assigned thereto. No error assigned to any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous shall be set out verbatim in the brief. . . ." Rule on Appeal 43, RCW vol. 0.

that, as a result of this error, the findings of fact made by the trial court are the established facts and that the judgment of the trial court should be affirmed and this appeal dismissed.

Admittedly, appellant failed to set out the findings of fact claimed to be in error. However, where a trial court's conclusion of law is being challenged, it is not necessary to set it out verbatim in the brief. It is clear that, in the case before us, the appellant is challenging the trial court's construction of a statute and not a factual matter. The fact that the court's decision is couched in a paragraph labeled Finding of Fact is irrelevant when it is truly a matter of law with which we are dealing. *Fain v. Nelson*, 57 Wn.2d 217, 356 P.2d 302 (1960); *Kane v. Klos*, 50 Wn.2d 778, 314 P.2d 672 (1957); *Grove v. Payne*, 47 Wn.2d 461, 288 P.2d 242 (1955).

There is no question that, up until 1959 when RCW 60.04.020[2] was amended and the words "or renting, leasing or otherwise supplying equipment" were added, Washington law held that the rental or leasing of equipment with an operator constituted labor. In *Chavelle v. Island Gun Club*, 77 Wash. 304, 137 Pac. 511 (1914), the plaintiff furnished to the defendant a sand dredge with an operating crew. The trial court denied the right of the plaintiff to enforce a lien upon the property involved. The Supreme Court, in reversing, ruled that the plaintiff was entitled to a lien for all labor performed under the contract and the fact an instrument or machine was used by the worker does not change the situation.

---

[2]"Every person, firm or corporation furnishing materials or supplies *or renting, leasing or otherwise supplying equipment,* to be used in the construction, alteration or repair of . . . or any other building, or any other structure, . . . shall, not later than sixty days after the date of the first delivery of such . . . equipment to any contractor or agent, give to the owner or reputed owner of the property . . . a notice in writing, stating in substance and effect that such person, firm or corporation has furnished materials and supplies, or equipment for use thereon, with the name of the contractor or agent ordering the same, and that a lien may be claimed . . . ." (Italics ours.) RCW 60.04.020 (as amended by Laws of 1959, ch. 279 § 2).

The question arose again in the case of *Ellis-Mylroie Lumber Co. v. Bratt*, 119 Wash. 142, 150, 205 Pac. 398 (1922). In that case, a lien was claimed by one who furnished a sanding machine with an operator. The court stated:

The appellant cites a line of cases such as *Hall v. Cowen*, 51 Wash. 295, 98 Pac. 670, and *Gilbert Hunt Co. v. Parry*, 59 Wash. 646, 110 Pac. 541, Ann. Cas. 1912B 225, as well as cases from other jurisdictions, which hold that, where there is simply the leasing or rental of a tool or machine, and the one to whom it is leased or contracted furnishes the operator, no right of lien exists. But those cases do not control where an operator is furnished with the machine. The cases of *Potter Manufacturing Co. v. A. B. Meyer & Co.*, 171 Ind. 513, 86 N. E. 837, 131 Am. St. 267, and *Wood, Curtis & Co. v. El Dorado Lumber Co.*, 153 Cal. 230, 94 Pac. 877, 126 Am. St. 80, 16 L. R. A. (N. S.) 585, recognizes this distinction. While in each of these cases the claim for lien was denied, it was in effect stated that, if the owner of the machine had furnished the operator of the machine, the claim for lien would have been sustained.

This same distinction was made in *Willett v. Davis*, 30 Wn.2d 622, 193 P.2d 321 (1948). The court specifically held that equipment rental was not lienable and cited *Chavelle v. Island Gun Club, supra*, for the rule that machinery with an operator is labor under the lien laws even where the machine represented a very substantial portion of the contract price.

We must read the amendment to RCW 60.04.020 in light of the above cases. *Ashenbrenner v. Department of Labor & Indus.*, 62 Wn.2d 22, 380 P.2d 730 (1963), cited with approval *Hatzenbuhler v. Harrison*, 49 Wn.2d 691, 697, 306 P.2d 745 (1957), as follows:

"Another rule of statutory construction which the courts observe is that the law-making body is presumed to be familiar not only with its own prior legislation relating to the subject of legislation, but also with the court decisions construing such former legislation. [Citing cases.] . . ."

*Willett v. Davis, supra,* and *Ellis-Mylroie Lumber Co. v. Bratt, supra,* make it clear that rental or leasing of equipment alone was not lienable, but that rental of machinery

with an operator was lienable. Thus the 1959 amendment by the legislature was meant to include "renting, leasing, or otherwise supplying equipment" in the lien law. There is not the slightest indication that the legislature intended to overrule the cases holding that an operator with a machine was labor as far as the lien laws are concerned. In the absence of this indication, we must assume that the new legislation is in line with our prior decisions.

For the reasons stated, the trial court's decree foreclosing the liens is affirmed.

ROSELLINI, C. J., HILL, OTT, and HALE, JJ., concur.