[No. 36353-4-II.    Division Two.    July 8, 2008.]

CAMPBELL CRANE & RIGGING SERVICES, INC., *Respondent*, v. DYNAMIC INTERNATIONAL AK, INC., *Defendant*, BERSCHAUER/PHILLIPS CONSTRUCTION COMPANY ET AL., *Appellants*.

*Benjamin D. Cushman* (of *Cushman Law Offices, PS*), for appellants.

*Quinn H. Posner* and *Albert F. Schlotfeldt* (of *Duggan Schlotfeldt & Welch, PLLC*), for respondent.

¶1 HUNT, J. — Berschauer Phillips Construction Company and Safeco Insurance Company of America appeal the trial court's grant of Campbell Crane & Rigging Services, Inc.'s motion for summary judgment. They argue the trial court erred by finding that (1) subcontractor Campbell Crane provided only labor, not supplies, to a public works project and (2) Campbell Crane did not have to provide prelien notice to Berschauer Phillips in order to file a claim against Berschauer Phillips' bond and the city of Vancouver's (City) retained percentage of the contract amount. We affirm.

## FACTS

### I. CLAIM OF LIEN

¶2 Berschauer Phillips served as the general contractor for a public works project to build the "Firstenburg Community Center" in Vancouver, Washington. As required under Washington law, Berschauer Phillips obtained a payment and performance bond for the project, with Safeco Insurance Company of America acting as the surety. RCW 39.08.010. Under RCW 60.28.010(1), the City retained a percentage of the contract amount payable to Berschauer Phillips.

¶3 Berschauer Phillips contracted with Dynamic International AK, Inc., to furnish labor and materials for the

project. Dynamic subcontracted with Campbell Crane & Rigging Services, Inc., to supply and to operate cranes for constructing the project. Campbell Crane provided crane lifting services from January 13, 2005, until February 18, 2005, when it completed its work under the contract.

¶4 Campbell Crane sent Dynamic an invoice requesting $16,246.87 for about 104 hours of crane operation at a rate of $155 per hour. Billing Dynamic only for "General Crane Work," Campbell Crane's invoice did not differentiate between equipment rental and crane operating services. Dynamic failed to pay Campbell Crane the amount due. Campbell Crane filed a notice of claim of lien against Berschauer Phillip's bond and the City's retained percentage on July 14, 2005.

## II. LITIGATION

¶5 On November 3, 2005, Campbell Crane filed an action against Dynamic, Berschauer Phillips, Safeco Insurance, and the City to recover payment due on the project.

¶6 Both parties conceded the facts of the case, focusing instead on the sole issue of whether the bond and retainage statutes required Campbell Crane to give prelien notice to Berschauer Phillips in order to file a claim on Berschauer Phillips's bond and retainage. Campbell Crane moved for summary judgment, asserting that there was no issue of material fact because it was not required to give prelien notice.[1]

¶7 The trial court found that Campbell Crane

did not leave something which was incorporated into the building, but rather performed a rather sophisticated form of

---

[1] Campbell Crane argued that, because Dynamic had hired it for its crane operating services, it had supplied only labor to the project and its provision of the crane equipment itself was incidental to the labor. Dynamic countered that Campbell Crane supplied primarily equipment and, therefore, its failure to provide prelien notice precluded it from receiving payment from the bond or retainage fund. Alternatively, Dynamic argued that Campbell Crane's claim should be limited to payment for labor only because Campbell Crane had failed to give the requisite prelien notice to recover for materials.

labor that . . . require[s] a sophisticated type of equipment to be used with respect to that labor, but that it was in the nature of the labor being performed by the crane company in order to perform their role in the construction of the facility.

Report of Proceedings (RP) at 16. Because Campbell Crane's contribution to the project was "more closely akin to labor than that of supplying material," the trial court (1) granted Campbell Crane's motion for summary judgment and (2) ordered Berschauer Phillips to pay Campbell Crane the full amount due on its invoice. RP at 17.

¶8 Berschauer Phillips and Safeco Insurance appeal. We refer to the appellants collectively as "BP."

## ANALYSIS

¶9 BP argues that Campbell Crane was an equipment supplier and, therefore, it was required to give prelien notice. Campbell Crane argues that because it provided specialized labor, not equipment, the statutes required no prelien notice. We agree with Campbell Crane.

### I. STANDARD OF REVIEW

¶10 On review of an order for summary judgment, we perform the same inquiry as the trial court. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004) (citing *Kruse v. Hemp*, 121 Wn.2d 715, 722, 853 P.2d 1373 (1993)). The standard of review is de novo, and summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). When reviewing a summary judgment motion, we view all facts in the light most favorable to the nonmoving party. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005) (citing *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990)).

## II. CAMPBELL CRANE AS A "LABORER"

### A. Washington Bond and Retainage Statutes for Public Works Projects

¶11 Washington law requires general contractors on public works projects to obtain a performance bond from a surety company to ensure that the general contractor "faithfully perform[s] all the provisions of such contract and pay[s] all laborers, mechanics, and subcontractors and material suppliers." RCW 39.08.010. If the contractor fails to pay a subcontractor, this statute provides "laborers, mechanics, and subcontractors and material suppliers" with a substitute lien action for the work they have performed on public works projects. *Id.*

¶12 The public works retainage statute also requires that the contracting public entities retain up to five percent of the payment due to the contractor "as a trust fund for the protection and payment" of any claims under the contract. RCW 60.28.011(1). This statute also allows those "performing labor or furnishing supplies toward the completion of a public improvement contract" to recover payment by filing a lien action against the retainage. RCW 60.28.011(2).

■ ■ ¶13 In order to protect general contractors from paying twice for the same supplies, both statutes require suppliers and materialmen to provide prelien notice of performance in order to file a claim on the bond or retainage.[2] *See Nat'l Concrete Cutting, Inc. v. Nw. GM*

---

[2] RCW 39.08.065 provides:

Every person, firm or corporation furnishing materials, supplies or provisions to be used in the construction [or] performance . . . shall, not later than ten days after the date of the first delivery of such materials, supplies or provisions to any subcontractor or agent of any person, firm or corporation having a subcontract for the construction, performance, carrying on, prosecution or doing of such work, deliver or mail to the contractor a notice in writing stating in substance and effect that such person, firm or corporation has commenced to deliver materials, supplies or provisions for use thereon, with the name of the subcontractor or agent ordering or to whom the same is furnished and that such contractor and his bond will be held for the payment of the same.

*Contractors, Inc.*, 107 Wn. App. 657, 661, 27 P.3d 1239 (2001) (citing *Austin v. C.V. Wilder & Co.*, 65 Wn.2d 456, 458, 397 P.2d 1019 (1965)), *review denied*, 145 Wn.2d 1027 (2002); RCW 39.08.065; RCW 60.04.031. But the statutes require no prelien notice where a subcontractor is filing a claim on the bond or retainage based solely on labor provided. RCW 60.04.031(2)(b).

B. No "Materials" for Incorporation into Project

¶14 BP argues that Campbell Crane's role as a second-tier subcontractor supplying both materials and labor required Campbell Crane to give prelien notice. Campbell Crane counters that because it provided labor only, not materials, no prelien notice was necessary. Campbell Crane is correct.

¶15 BP relies heavily on *LRS Electric Controls, Inc. v. Hamre Construction, Inc.*, 153 Wn.2d 731, 734-35, 107 P.3d 721 (2005), a case where a second-tier contractor, Tyko, supplied both materials and labor for the installation of a heating, ventilation, and air conditioning (HVAC) system in a public works project. Tyko attempted to recover payment due from the general contractor's bond and retained percentage. *Id.* at 735. The Washington Supreme Court held that the bond and retainage statutes required Tyko to give prelien notice to recover the supplies portion of its payment. *Id.* at 740; RCW 39.08.065. Emphasizing that Tyko "furnished materials" for the project, the court held that "the preclaim notice in RCW 39.08.065, required to recover on a materials claim against a contractor's bond, is not rendered irrelevant merely because the

---

In addition, RCW 60.04.031 requires:

(1) . . . every person furnishing professional services, materials, or equipment for the improvement of real property shall give the owner or reputed owner notice in writing of the right to claim a lien . . . .

. . . .

(2) Notices of a right to claim a lien shall not be required of: . . .

. . . .

(b) Laborers whose claim of lien is based solely on performing labor.

claimant provides both materials and labor." *LRS Elec.*, 153 Wn.2d at 741.

¶16 But *LRS Electric* is not directly on point. Washington courts define "materials" as "including such articles which either actually have been incorporated into and become part of the building or have been delivered on the site for incorporation into the finished structure." *Nat'l Concrete*, 107 Wn. App. at 661 (citing *Portland Elec. & Plumbing Co. v. Dobler*, 36 Wn. App. 114, 117-18, 672 P.2d 103 (1983)). In *LRS Electric*, the subcontractor provided both the materials and labor for the installation of an HVAC system, leaving the supplied materials behind, incorporated in the completed structure.[3] *LRS Elec.*, 153 Wn.2d at 734-35. Notably, the HVAC installer's invoice separated payments due for labor and for materials. *Id.* at 735.

¶17 In contrast, here the issue pivots on Campbell Crane's provision and operation of equipment, not materials that BP incorporated into the project. Notably, Campbell Crane's invoice did not separate payments due for labor and for renting the crane.

## C. Provision of Cranes as Incidental to Specialized Labor

¶18 BP maintains that Campbell Crane was both supplier and laborer for the project and, as such, Campbell Crane's failure to give prelien notice precludes recovery for supplier costs. Campbell Crane asserts that its only role was that of laborer and its provision of cranes was merely incidental to its services. Again, we agree with Campbell Crane.

¶19 In *Neil F. Lampson Equipment Rental & Sales, Inc. v. West Pasco Water System, Inc.*, 68 Wn.2d 172, 173, 412 P.2d 106 (1966), a subcontractor who provided a crane and operator to a public works project demanded payment due

---

[3] The *LRS Electric* court mentions in a footnote that the retained percentage statute applies to equipment, while the bond statute does not expressly enumerate "equipment." *LRS Elec.*, 153 Wn.2d at 742 n.5. Without further comment, the court states that "only materials are at issue in this case." *Id.*

from a general contractor's bond and retainage. Our Supreme Court cited precedent holding that simply renting a tool or machine did not give rise to a right of lien, distinguishing cases where " 'an operator is furnished with the machine.' " *Id.* at 175 (quoting *Ellis-Mylroie Lumber Co. v. Bratt*, 119 Wash. 142, 150, 205 P. 398 (1922) and citing *Willett v. Davis*, 30 Wn.2d 622, 193 P.2d 321 (1948)). The court held that such a scenario was lienable "even where the machine represented a very substantial portion of the contract price." *Id.* Because the subcontractor provided crane operating *services*, the court held that (1) the subcontractor was a laborer, not a supplier; (2) the statute did not obligate the subcontractor to provide prelien notice as a laborer; and (3) the general contractor had to pay the crane operator the full amount due. *Id.* at 175-76.[4]

¶20 Here, as in *Lampson*, Campbell Crane's provision of the crane equipment was integral with the crane lifting services it rendered under its subcontract with Dynamic. Moreover, Campbell Crane's itemized invoice billed Dynamic $155 per hour for "General Crane Work"; it did not differentiate amounts owed for equipment rental and for labor provided by the crane operator.

¶21 Accordingly, we hold that (1) Campbell Crane provided labor, namely crane lifting *services*, not solely cranes as equipment; (2) Campbell Crane's employees used cranes as tools incidental to the provision of these crane lifting services; and (3) thus, the bond and retainage statutes did not require Campbell Crane, a labor provider, to give BP prelien notice.

¶22 We affirm the trial court's grant of summary judgment in favor of Campbell Crane.

---

[4] Similarly, where a subcontractor billed one generalized hourly rate for both concrete-cutting services and the necessary equipment, Division One of our court held that the subcontractor did not need to provide prelien notice because it "did not supply materials to the project." *Nat'l Concrete*, 107 Wn. App. at 661. Noting that the contract between the parties was not severable into categories for labor and equipment rental, the court held that the hourly rate was for specialized labor services and "[a]ny use of equipment or supplies by [the subcontractor] was purely incidental to the labor." *Id.*

III. Attorney Fees

¶23 Both parties request attorney fees. Campbell Crane requests fees under RCW 39.08.030(1), which provides:

> [I]n any suit or action brought against such surety or sureties by any such person or corporation to recover for any of the items hereinbefore specified, the claimant shall be entitled to recover in addition to all other costs, attorney's fees in such sum as the court shall adjudge reasonable.

Br. of Resp't at 8-9. RCW 39.08.030 authorizes attorney fees in an action brought against a performance bond where the surety contests a right to recover, denies the allegations in a complaint, and seeks dismissal of an action. *Diamaco, Inc. v. Mettler*, 135 Wn. App. 572, 578, 145 P.3d 399 (2006) (citing *C-Star Concrete Corp. v. Hawaiian Ins. & Guar. Co.*, 8 Wn. App. 872, 875, 509 P.2d 758 (1973)), *review denied*, 161 Wn.2d 1019 (2007).

¶24 We hold that because the surety, Safeco Insurance, disputed Campbell Crane's right to recover and sought dismissal of Campbell Crane's action, Campbell Crane is entitled to reasonable attorney fees under RCW 39.08.030. *See Md. Cas. Co. v. Hill*, 100 Wash. 289, 170 P. 594 (1918) (holding that a court may grant attorney fees in a suit by a claimant against a surety on a bond, where the surety contests the payment). Therefore, we grant Campbell Crane's request for reasonable attorney fees and deny BP's request.

¶25 We affirm the trial court's grant of summary judgment to Campbell Crane.

Penoyar, A.C.J., and Houghton, J., concur.