FILED
COURT OF APPEALS
DIVISION II

2014 AUG 19 AM 9: 35

STATE OF WASHINGTON

BY
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DAN'S TRUCKING, INC., | No. 44342-2-II |
| Respondent, | |
| v. | |
| KERR CONTRACTORS, INC., LIBERTY MUTUAL GROUP, INC., a/k/a SAFECO INSURANCE COMPANY OF AMERICA, bond nos. 6709272, 6709273, 5581430, | PUBLISHED OPINION |
| Appellants. | |
| STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, | |
| Defendants. | |

BJORGEN, A.C.J. — Kerr Contractors, Inc. and Liberty Mutual Insurance Group, Inc.,

a/k/a Safeco Insurance Company of America (Kerr), appeal a superior court order granting a

motion by Dan's Trucking, Inc. to strike Kerr's request for a trial de novo following an

arbitrator's decision awarding Dan's Trucking $6,979.57 in attorney fees. Kerr contends that the

trial court erred in granting the motion to strike because it was entitled to a trial de novo under

Mandatory Arbitration Rule (MAR) 7.1. We hold that, because resolution of the parties'

attorney fees issue remained within mandatory arbitration, Kerr was entitled to a trial de novo on

that issue under MAR 7.1. Accordingly, we reverse the trial court's order granting Dan's

Trucking's motion to strike and remand for trial de novo on the attorney fee issue.

FACTS

The Washington State Department of Transportation awarded a contract to Kerr to make improvements to State Route 14 in Clark County, Washington. Kerr subcontracted with Dan's Trucking to haul asphalt for the highway improvement project. A dispute arose between the parties, and Dan's Trucking filed a complaint against Kerr for breach of contract and negligence in Thurston County Superior Court. The superior court transferred the case to mandatory arbitration. Prior to the arbitration hearing, the parties settled Dan's Trucking's underlying claims, but did not resolve the amount of attorney fees to be awarded to Dan's Trucking. Kerr memorialized the parties' settlement agreement in an e-mail that stated, "We received authority from our client for the following offer: 1. Payment from Kerr to Dan's of $3,971.38; and 2. Fees in an amount to be determined by the arbitrator; 3. In exchange for dismissal." Clerk's Papers (CP) at 28. Kerr also sent the following e-mail to the arbitrator indicating that the parties had settled their primary dispute:

> As I said in my voicemail to you yesterday, the parties have settled this matter, and therefore we need to cancel the arbitration hearing scheduled for tomorrow, 6/28.
> However, as part of the settlement, the parties have agreed that you will decide the amount of attorney fees awarded to Dan's. Our preference would be to brief the issue and then hold a telephonic hearing on the matter with you.

CP at 29. The arbitrator subsequently awarded $6,979.57 in attorney fees to Dan's Trucking. The form on which the arbitrator entered his arbitration award contained the following preprinted language:

> Twenty days after the award has been filed with the clerk, if no party has sought a trial de novo, the prevailing party, on notice to all parties, may present to the Assigned Judge a judgment on the arbitration award for entry as final judgment in this case.

No. 44342-2-II

CP at 21.

After Kerr timely requested a trial de novo, Dan's Trucking filed a motion in superior court to strike Kerr's request, asserting that Kerr was not entitled to a trial de novo under MAR 7.1 because the parties had privately settled their dispute. The motion further asserted that the arbitrator was acting as a private arbitrator under the Uniform Arbitration Act (UAA), chapter 7.04A RCW, when he decided the amount of attorney fees to be awarded to Dan's Trucking, rather than as an arbitrator under MAR 3.2. Following a hearing, the trial court entered an order granting Dan's Trucking's motion to strike Kerr's request for a trial de novo. The trial court later entered a judgment against Kerr awarding Dan's Trucking $6,979.57 in attorney fees, the amount determined appropriate through arbitration, as well as $11,663.17 in supplemental attorney fees. Kerr timely appeals.

ANALYSIS

I. REQUEST FOR A TRIAL DE NOVO

The issue raised by this appeal is whether the trial court erred in granting Dan's Trucking's motion to strike Kerr's request for a trial de novo. Our resolution of this issue turns on whether the arbitrator's award of attorney fees to Dan's Trucking was governed by the UAA or by chapter 7.06 RCW as implemented by the MARs. If under the UAA, the trial court properly granted Dan's Trucking's motion to strike Kerr's request for a trial de novo. If under chapter 7.06 RCW as implemented by the MARs, the trial court erred because Kerr was entitled to a trial de novo under MAR 7.1. We hold that the MARs governed the arbitrator's attorney fee determination and, therefore, the trial court erred by granting Dan's Trucking's motion to strike Kerr's request for a trial de novo.

3

The application of court rules to a set of facts is a question of law that we review de novo. *Russell v. Maas*, 166 Wn. App. 885, 889, 272 P.3d 273, *review denied*, 174 Wn.2d 1016 (2012). As with other court rules, we interpret the MARs "as though they were drafted by the Legislature." *Wiley v. Rehak*, 143 Wn.2d 339, 343, 20 P.3d 404 (2001). Thus, we construe the MARs consistently with their purpose "to reduce congestion in the courts and delays in hearing civil cases." *Perkins Coie v. Williams*, 84 Wn. App. 733, 737, 929 P.2d 1215 (1997); *Wiley*, 143 Wn.2d at 343. We also give effect to the plain meaning of a court rule, as "discerned from reading the rule as a whole, harmonizing its provisions, and using related rules to help identify the legislative intent embodied in the rule." *State v. Chhom*, 162 Wn.2d 451, 458, 173 P.3d 234 (2007).

Chapter 7.06 RCW, as implemented by the MARs, requires the mandatory arbitration of certain civil claims. RCW 7.06.010-.030; MAR 1.2. In Thurston County, mandatory arbitration proceedings apply to civil "[c]laims valued up to $50,000, exclusive of interest and costs." MAR 1.2; Thurston County Local MAR 1.2. The MARs do not apply to arbitration by private agreement or under other statutes, unless the parties so stipulate. MAR 1.1; MAR 8.1. MAR 7.1 provides that an aggrieved party to a mandatory arbitration decision may request a trial de novo in the superior court.

With exceptions not relevant to our circumstances, the UAA governs private agreements to arbitrate disputes. RCW 7.04A.030. The UAA does not apply to arbitration under the MARs.

RCW 7.04A.030(3). RCW 7.04A.230 governs judicial review of contractually agreed arbitration awards under the UAA and does not contain a right to a trial de novo.[1]

Kerr and Dan's Trucking agree that they entered into mandatory arbitration under the MARs, and that they settled their primary dispute prior to the arbitrator issuing a decision. The parties disagree, however, whether the unresolved attorney fees issue remained within mandatory arbitration or whether their settlement provided for private arbitration of the unresolved attorney fees issue under the UAA.

We interpret settlement agreements in the same manner in which we interpret other contracts. *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wn.2d 411, 424 n.9, 191 P.3d 866 (2008). "In doing so, we attempt to determine the intent of the parties by focusing on their objective manifestations as expressed in the [settlement] agreement." *McGuire v. Bates*, 169

---

[1] RCW 7.04A.230 provides in part:
> (1) Upon motion of a party to the arbitration proceeding, the court shall vacate an award if:
> (a) The award was procured by corruption, fraud, or other undue means;
> (b) There was:
> (i) Evident partiality by an arbitrator appointed as a neutral;
> (ii) Corruption by an arbitrator; or
> (iii) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
> (c) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to RCW 7.04A.150, so as to prejudice substantially the rights of a party to the arbitration proceeding;
> (d) An arbitrator exceeded the arbitrator's powers;
> (e) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under RCW 7.04A.150(3) not later than the commencement of the arbitration hearing; or
> (f) The arbitration was conducted without proper notice of the initiation of an arbitration as required in RCW 7.04A.090 so as to prejudice substantially the rights of a party to the arbitration proceeding.

No. 44342-2-II

Wn.2d 185, 189, 234 P.3d 205 (2010). When determining the intent of contracting parties, we apply the "context rule" adopted by our Supreme Court in *Berg v. Hudesman*, 115 Wn.2d 657, 667, 801 P.2d 222 (1990). Under the *Berg* context rule:

> the intent of the parties to a particular agreement may be discovered not only from the actual language of the agreement, but also from "viewing the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties."

*Scott Galvanizing, Inc. v. Nw. EnviroServices, Inc.*, 120 Wn.2d 573, 580-81, 844 P.2d 428 (1993) (quoting *Berg*, 115 Wn.2d at 663); *Stender v. Twin City Foods, Inc.*, 82 Wn.2d 250, 254, 510 P.2d 221 (1973)).

"A contract provision is ambiguous when its terms are uncertain or when its terms are capable of being understood as having more than one meaning." *Mayer v. Pierce County Med. Bureau, Inc.*, 80 Wn. App. 416, 421, 909 P.2d 1323 (1995). We construe any ambiguity in the settlement agreement against the drafter, here Kerr. *Rouse v. Glascam Builders, Inc.*, 101 Wn.2d 127, 135, 677 P.2d 125 (1984). Additionally, the "strong public policy favoring finality of arbitration dictates that any ambiguity with respect to which statute the parties have invoked— chapter 7.04[2] or chapter 7.06—be resolved in favor of binding arbitration under chapter 7.04." *Dahl v. Parquet & Colonial Hardwood Floor Co., Inc.*, 108 Wn. App. 403, 412, 30 P.3d 537 (2001).

---

[2] Chapter 7.04 RCW was replaced by chapter 7.04A RCW. *See* Laws of 2005, ch. 433.

The parties' settlement agreement, as drafted by Kerr, stated that the terms of the parties' settlement were "1. Payment from Kerr to Dan's of $3,971.38; and 2. Fees in an amount to be determined by the arbitrator; 3. In exchange for dismissal." CP at 28. The parties disagree whether these terms constituted a full settlement of their claims with an associated agreement to privately resolve the attorney fees issue through the UAA or, instead, merely constituted a partial settlement of their claims with the attorney fees issue remaining within mandatory arbitration. We hold that the parties' intent, as discerned from all the circumstances surrounding the creation of the settlement terms and from the subsequent conduct of the parties, was to settle Dan's Trucking's underlying claims, while leaving the attorney fees issue within mandatory arbitration. *Berg*, 115 Wn.2d at 663.

MAR 7.1 contemplates that resolution of a party's request for attorney fees is within the purview of mandatory arbitration, stating in part, "Any request for a trial de novo must be filed . . . within 20 days after the arbitrator files proof of service of the later of: (1) the award *or* (2) *a decision on a timely request for costs or attorney fees.*" (Emphasis added.) Even more to the point, MAR 3.2(a)(8) states that an arbitrator has the authority to "[a]ward costs and attorney fees as authorized by law." These provisions leave no doubt that in the arbitration begun under the MARs, the arbitrator had authority to decide whether to award attorney fees.

The remaining question, then, is whether the parties intended to convert the arbitration of attorney fees from one under the MARs to one under the UAA. The parties' agreement, as expressed in the e-mail from Kerr to the arbitrator and in the settlement agreement was that the arbitrator would decide the amount of attorney fees awarded to Dan's Trucking. These statements could conceivably be read as either the conversion of arbitration to a private

7

proceeding under the UAA or as an acknowledgment that the arbitrator would exercise his authority under the MARs to decide attorney fees. In context, though, it is not reasonable to read these brief notations of agreement to effect both a shift from one set of rules to another and a waiver of a trial de novo, when they said nothing about the UAA, the MARs, or a trial de novo. A more plausible reading is that these notations were merely an attempt to be clear as to who would decide the matter of attorney fees. Further, Thurston County's Local MAR 4.4(a) provides that to effectuate a settlement of a claim assigned to mandatory arbitration, the parties must first "notify the court and arbitrator *promptly* of the settlement." (Emphasis in original) There is no evidence in the record that the parties promptly notified the trial court of its settlement before the arbitrator decided the issue of attorney fees.

While we continue to adhere to the interpretive rules that ambiguities should be resolved against the drafter and in favor of binding arbitration, these rules do not compel strained readings of the parties' intent. The most reasonable interpretation of the parties' expressions of agreement to continue arbitration with the assigned arbitrator, and the absence of notice under Thurston County Local MAR 4.4(a), is that they did not intend to convert the MAR arbitration to one under the UAA. Accordingly, Dan's Trucking's suit remained within mandatory arbitration when the arbitrator resolved the issue of attorney fees, and Kerr was entitled to a trial de novo on that issue under MAR 7.1. For these reasons, we reverse the trial court's grant of the motion by Dan's Trucking to strike Kerr's request for a trial de novo.

## II. ATTORNEY FEES ON APPEAL

RAP 18.1 provides that we may award attorney fees on appeal where authorized by applicable law. Kerr requests such attorney fees under former RCW 39.08.030 (2009)[3] and RCW 60.28.021. Former RCW 39.08.030(1) provides in relevant part:

> [I]n any suit or action brought against such surety or sureties by any such person or corporation to recover for any of the items hereinbefore specified, the claimant shall be entitled to recover in addition to all other costs, attorney's fees in such sum as the court shall adjudge reasonable.

This provision authorizes the award of attorney fees to a *claimant* "in an action brought against a performance bond where the surety contests a right to recover, denies the allegations in a complaint, and seeks dismissal of an action." *Campbell Crane & Rigging Servs., Inc. v. Dynamic Int'l AK, Inc.*, 145 Wn. App. 718, 727, 186 P.3d 1193 (2008). RCW 39.08.030 does not contain any language authorizing the award of attorney fees to a prime contractor who contests a subcontractor claimant's suit. Similarly, RCW 60.28.021 does not contain any language authorizing the award of attorney fees to Kerr under these circumstances.

Accordingly, we deny Kerr's request for attorney fees on appeal. Dan's Trucking also requests attorney fees on appeal. Because Kerr prevailed on appeal, we deny Dan's Trucking's request.

---

[3] Former RCW 39.08.030 was revised in 2013, but this revision does not affect the subsection cited.

## CONCLUSION

We reverse the trial court's order granting Dan's Trucking's motion to strike and remand for trial de novo on the attorney fee issue.

BJORGEN, A.C.J.

We concur:

HUNT, J.

LEE, J.