FILED
COURT OF APPEALS
DIVISION II

2015 MAY 27 AM 9: 31

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BRETT HAYFIELD and KATHY DAVIS-HAYFIELD, husband and wife, | No. 45202-2-II |
| Respondents/Cross-Appellants, | |
| v. | |
| BEATRIX RUFFIER and ROBERT RUFFIER, husband and wife, | PUBLISHED OPINION |
| Appellants/Cross-Respondents. | |

LEE, J. — Brett Hayfield and Kathy Davis-Hayfield appeal the trial court's denial of their request for attorney fees under RCW 19.122.040 after the trial court found their neighbors, Beatrix and Robert Ruffier, liable for damage caused to the Hayfield home by an excavation on the Ruffier property. Because RCW 19.122.040 provides for a mandatory award of attorney fees to the prevailing party, we hold that the trial court erred in failing to award attorney fees to the Hayfields. Accordingly, we reverse the trial court's denial of attorney fees incurred at trial and remand for determination of the Hayfields' attorney fees below. We also award the Hayfields attorney fees on appeal.

## FACTS

The Hayfields and the Ruffiers live on adjoining high-bank waterfront property in Gig Harbor. In February 2011, the Hayfields noticed water accumulating in their basement. The

basement had not leaked previously during their seven-year ownership of the house. The water appeared to be coming from under the washer and dryer, but when the Hayfields inspected the units, they found no leaking. They vacuumed up the water and hoped that it was an isolated incident.

At the same time that the water began infiltrating the Hayfield basement, Robert Ruffier was using a backhoe to dig out a two-foot diameter tree stump on his property. Ruffier excavated a trench around the stump that was about three feet deep, and he used the bucket of the backhoe to wiggle the stump out of the ground. He then backfilled the hole with dirt and compacted it by driving over the hole with the backhoe. Ruffier made no effort to identify any utilities before performing the excavation work and did not provide notice of his work to the Hayfields or anyone else. The Hayfields saw Ruffier performing this excavation work.

Water continued to accumulate in the Hayfields' basement, and they began pumping it out of a basement window. Over the next three weeks, the Hayfields contacted a series of plumbers, leak detection contractors, and Pierce County officials to investigate the flooding. No one could identify the source of the water, and several inches of water remained in the basement.

In early March, the Hayfields discovered that three feet of water had entered their basement overnight and had caused extensive damage. The pumps could not keep up with the water entering the basement, and the source of the water was still unknown.

The Hayfields called another plumber, Tom Bozeman, and his investigation revealed a floor drain in the basement that was not taking water. Bozeman suspected that the flooding was due to an obstruction in the drain system that was causing water to back up through the floor drain and into the basement.

Bozeman confirmed the existence of the Hayfields' foundation drain system and that the system connected to an underground drain pipe that runs from the Hayfields' house and across the boundary line into the Ruffiers' property.

When he tried to insert a plumbing snake through the drain pipe, Bozeman encountered an obstruction. He then confirmed that the obstruction was in the same location where Ruffier had removed the stump in February.

Before Bozeman returned for further investigation, Ruffier used his backhoe to dig out a large hole where he had removed the stump. When he uncovered the Hayfields' crushed drain pipe, water immediately entered the hole. After Ruffier cleaned out the pipe, water exited the hole and drained out of the Hayfields' basement.

The Hayfields sued the Ruffiers for the damage caused to their basement, alleging that the excavation constituted negligence as well as a violation of chapter 19.122 RCW, the "Underground Utility Damage Prevention Act." Following a bench trial, the court concluded that

> 8. Although [the Ruffiers] technically violated the terms of RCW 19.122.040, notice to [the Hayfields] of the excavation and/or calls to "811" would not have prevented the damage that occurred.[1] Therefore, although [Ruffier] is liable for common law negligence to [the Hayfields] for their damages, [the Hayfields] are not entitled to recover their attorney's fees per RCW 19.122.040(4).

Clerk's Papers (CP) at 31-32. The trial court entered judgment accordingly.

The Ruffiers appealed, and the Hayfields cross-appealed the denial of attorney fees. We granted the Ruffiers' motion to dismiss their appeal and here address only the Hayfields' argument that they are entitled to attorney fees under RCW 19.122.040(4).

---

[1] The reference to an 811 call is to the 811 "dial-before-you-dig" system in Washington. Verbatim Report of Proceedings (May 8, 2013) at 10.

ANALYSIS

A.    ATTORNEY FEES UNDER RCW 19.122.040(4)

1. Standard of Review

At issue is whether the language in RCW 19.122.040(4) stating that the prevailing party "is entitled to" attorney fees requires or merely allows an award of fees to the prevailing party. We review questions of statutory interpretation de novo. *Jametsky v. Olsen*, 179 Wn.2d 756, 761, 317 P.3d 1003 (2014). Our objective is to ascertain and carry out the legislature's intent. *Jametsky*, 179 Wn.2d at 762. If the plain language of the statute is unambiguous, we enforce it according to its plain meaning. *Life Care Ctrs. of Am., Inc. v. Dep't of Soc. & Health Servs.*, 162 Wn. App. 370, 375, 254 P.3d 919 (2011). The plain meaning of an undefined statutory term can be discerned from its dictionary definition. *Estate of Haselwood v. Bremerton Ice Arena, Inc.*, 166 Wn.2d 489, 498, 210 P.3d 308 (2009). We also determine the plain meaning of a statutory provision from the general context of the statute, related provisions, and the statutory scheme as a whole. *Wash. Pub. Ports Ass'n v. Dep't of Revenue*, 148 Wn.2d 637, 645, 62 P.3d 462 (2003).

2. Construing RCW 19.122.040(4)

The Underground Utility Damage Prevention Act,[2] chapter 19.122 RCW, sets forth a series of obligations for excavators that are intended to protect existing underground facilities and to protect the public health and safety from interruption in utility services caused by damage to such facilities. Former RCW 19.122.010 (1984). Neither party challenges the trial court's conclusions

---

[2] The Underground Utility Damage Prevention Act was given this title as part of extensive revisions that took effect on January 1, 2013. RCW 19.122.901. Because the excavation at issue occurred in 2011, we otherwise cite only the statutory language that was in effect at that time.

that, under the Act, Ruffier was an excavator who performed an excavation that affected an underground facility.[3] Former RCW 19.122.020(4), (6), (22) (2007).

The statute also provides that: "In any action brought under this section, the prevailing party is entitled to reasonable attorneys' fees." RCW 19.122.040(4). The parties do not dispute that the Hayfields are the prevailing party under RCW 19.122.040(4). *See Riss v. Angel*, 131 Wn.2d 612, 633, 934 P.2d 669 (1997) (prevailing party is generally one who receives affirmative judgment). Rather, the parties disagree on whether the language in the statute stating that the prevailing party "is entitled to" attorney fees requires or merely allows an award of attorney fees to the prevailing party.

The Ruffiers rely on the dictionary definition of "entitled" in arguing that the language of RCW 19.122.040(4) is permissive. They assert that the legal meaning of the term is "[t]o grant a legal right to or qualify for," while the more common meaning is to "furnish with proper grounds for seeking or claiming something." Br. of Cross-Resp't at 12 (citing BLACK'S LAW DICTIONARY 612 (9th ed. 2009); WEBSTER'S THIRD NEW INT'L DICTIONARY 758 (3d ed. 1969)). The Ruffiers contend that these definitions show that "entitled" should be read as permissive and that RCW 19.122.020(4) should be read as allowing the Hayfields to seek fees while not requiring the trial court to award them. We disagree with relying on a single word in determining the meaning of a phrase.

The phrase "is entitled to" is defined as meaning "has a right to." Bryan A. Garner, A DICTIONARY OF MODERN LEGAL USAGE 942 (2d ed. 1995). Consistent with this definition, Washington courts have interpreted other statutes providing that a party "is entitled to" attorney

---

[3] An underground facility includes "any item buried or placed below ground for use in connection with the storage or conveyance of water." Former RCW 19.122.020(22) (2007).

fees as mandatory. In referring to RCW 4.24.510, which provides that the person prevailing on an immunity defense "is entitled to" recover attorney fees, we stated that the trial court did not err "when it followed this statute's mandatory authority to award attorney fees." *Segaline v. Dep't of Labor & Indus.*, 144 Wn. App. 312, 327, 182 P.3d 480 (2008), *rev'd on other grounds*, 169 Wn.2d 467, 238 P.3d 1107 (2010). Similarly, the provision in RCW 26.18.160 stating that the prevailing party "is entitled to" attorney fees renders an award of fees mandatory. *In re Marriage of Cummings*, 101 Wn. App. 230, 235, 6 P.3d 19, *review denied*, 141 Wn.2d 1030 (2000); *see also In re Marriage of Nelson*, 62 Wn. App. 515, 520, 814 P.2d 1208 (1991) (award of fees required because terms of RCW 26.18.160 are not discretionary); *see also Transpac Dev., Inc. v. Oh*, 132 Wn. App. 212, 217, 130 P.3d 892 (2006) (where lease provided that prevailing party in any litigation is entitled to attorney fees, award of fees was mandatory under RCW 4.84.330). The phrase "is entitled to" makes an award of attorney fees to the prevailing party mandatory rather than permissive.

Ruffier argues that our Supreme Court has described the trial court's authority to award fees as discretionary in two decisions that addressed similar attorney fee provisions in RCW 69.50.505 and RCW 18.27.040. *See Guillen v. Contreras*, 169 Wn.2d 769, 780, 238 P.3d 1168 (2010) (explaining that claimant "may recover" fees under RCW 69.50.505); *Cosmo. Eng'g Grp. v. Ondeo Degremont, Inc.*, 159 Wn.2d 292, 306, 149 P.3d 666 (2006) (explaining that RCW 18.27.040 "was intended to authorize" attorney fees to prevailing party). Both RCW 69.50.505(6) and RCW 18.27.040(6) state that the prevailing party "is entitled to" fees, but neither *Guillen* nor *Cosmopolitan Engineering* addressed the issue of whether the phrase is mandatory or permissive. The issue in *Guillen* was the meaning of "substantially prevail[s,]" and the issue in *Cosmopolitan Engineering* was whether fees were available in actions against contractors as well as actions

against a contractor's bond. 169 Wn.2d at 775; 159 Wn.2d at 298. Neither case supports the position that Washington courts have interpreted the phrase "is entitled to" as permissive.

Because the Hayfields prevailed in their action under RCW 19.122.040, they were entitled to an award of attorney fees incurred at trial.

B.     ATTORNEY FEES ON APPEAL

Both parties request an award of appellate attorney fees. RAP 18.1 permits a party to recover attorney fees on appeal where authorized by applicable law. *Dan's Trucking, Inc. v. Kerr Contractors, Inc.*, 183 Wn. App. 133, 143, 332 P.3d 1154 (2014). Because RCW 19.122.040(4) authorizes an award of attorney fees to the prevailing party, we grant the Hayfields' request for attorney fees on appeal and deny the Ruffiers' request for similar relief.

We reverse the trial court's denial of attorney fees incurred at trial, remand for determination of Hayfields' attorney fees incurred at trial, and award the Hayfields attorney fees on appeal.

Lee, J.

We concur:

Bjorgen, A.C.J.

Sutton, J.

7