

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| HNS, INC., an Oregon Corporation, | ) | |
| | ) | No. 34923-3-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EAGLE ROCK QUARRY, a Washington | ) | UNPUBLISHED OPINION |
| Business; CACTUS QUARRY, a | ) | |
| Washington Business; EAGLE ROCK | ) | |
| QUARRY, INC., a Washington | ) | |
| Corporation; EAGLE ROCK, LLC, a | ) | |
| Washington Limited Liability Company; | ) | |
| and PAUL RIEDINGER and TINA | ) | |
| MURPHY, husband and wife, and the | ) | |
| marital community composed thereof; and | ) | |
| LEXON INSURANCE COMPANY, | ) | |
| | ) | |
| Respondents. | ) | |

SIDDOWAY, J. — Eagle Rock Quarry, Inc. was successful in persuading the trial court to dismiss the action below based on the failure of HNS, Inc.—a contractor—to demonstrate compliance with Washington's contractor registration act, chapter 18.27 RCW. But it was unsuccessful in two motions seeking an award of its attorney fees and costs. It appeals the trial court's denial of both motions. We find no error or abuse of discretion by the trial court and affirm.

FACTS AND PROCEDURAL BACKGROUND

HNS, Inc., an Oregon corporation with its principal place of business in La Grande, Oregon, agreed to blast, crush, and stockpile gravel for Eagle Rock Quarry, Inc. at a quarry in Mesa, Washington. HNS presented a proposed written contract to Eagle Rock that was never signed. Instead, the parties proceeded based on an oral agreement to the price to be paid per ton and to monthly invoicing by HNS. HNS claims to have blasted and crushed more than 200,000 tons of rock for Eagle Rock.

Although Eagle Rock made a number of payments, it stopped paying in September 2015. In January 2016, HNS sued Eagle Rock and its principals for the amount owed under the parties' agreement. By the time of an amended complaint filed by HNS in March 2016, Eagle Rock is alleged to have owed HNS $241,372.88.

Eagle Rock moved the trial court to dismiss HNS's complaint on the basis that HNS was a contractor doing business in Washington but was not registered under RCW 18.27.080—a prerequisite for filing suit. Eagle Rock supported its motion with information it had obtained from the Washington State Department of Labor and Industries in response to a contractor verification search. The Department's information indicated that HNS was a construction contractor and had formerly been licensed in Washington but had not renewed its license in 2010.

HNS resisted dismissal, arguing that it had substantially complied with the Washington registration requirement. It was unable to demonstrate that it had in place at

2

relevant times a surety bond or commercial general liability insurance satisfying the

requirements of chapter 18.27 RCW, however.  The trial court granted Eagle Rock's

motion to dismiss.  We affirmed the trial court's dismissal of HNS's complaint in *HNS,*

*Inc. v. Eagle Rock Quarry, Inc.*, No. 34695-1-III (Wash. Ct. App. Apr. 3, 2018),

https://www.courts.wa.gov/opinions/pdf/346951_unp.pdf.

After the trial court granted Eagle Rock's motion to dismiss, Eagle Rock twice

moved the court for an award of reasonable attorney fees and costs.  It first sought

reasonable expenses under RCW 4.84.185.  The trial court denied the motion, explaining

that it did not find HNS's suit to have been frivolous or advanced without reasonable

cause.

Eagle Rock then moved for an award of reasonable attorney fees and costs under

RCW 18.27.040(6).  Questioning the application of the statute to an action that was

brought by HNS and did not involve a residential homeowner, the trial court denied the

second motion as well.

Eagle Rock appeals the denial of both motions.

## ANALYSIS

### *Denial of attorney fees under RCW 4.84.185*

RCW 4.84.185 authorizes the trial court in a civil action to require the

nonprevailing party to pay the prevailing party's reasonable expenses, including attorney

fees, if it finds that a claim or defense was frivolous and advanced without reasonable

cause. "The lawsuit or defense, in its entirety, must be determined to be frivolous . . . before an award of attorneys' fees may be made." *Biggs v. Vail*, 119 Wn.2d 129, 133, 830 P.2d 350 (1992) (emphasis omitted). "A frivolous action is one that cannot be supported by any rational argument on the law or facts." *Goldmark v. McKenna*, 172 Wn.2d 568, 582, 259 P.3d 1095 (2011). The trial court's decision under RCW 4.85.185 is reviewed for abuse of discretion. *State ex rel. Quick-Ruben v. Verharen*, 136 Wn.2d 888, 903, 969 P.2d 64 (1998). A court abuses its discretion when its decision is manifestly unreasonable or is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The trial court did not explain why it did not find HNS's action frivolous or advanced without reasonable cause, but it is easy to discern its reasons. A contractor can sue for collection in a Washington court if it demonstrates substantial compliance with the registration requirement, the financial responsibility aspects of which are most important. In affirming dismissal, we agreed with the trial court that substantial compliance requires more than evidence that a contractor was generally bondable and insurable; RCW 18.27.080 requires a demonstration that the required financial protections were in place and available to answer for a Washington claim at relevant times. But before our decision, no Washington case foreclosed the argument that HNS advanced below, and the stakes were certainly high enough to justify making the case for

substantial compliance. The trial court did not abuse its discretion in denying Eagle

Rock's motion for an award of expenses under RCW 4.84.185.

*Denial of attorney fees under RCW 18.27.040(6)*

RCW 18.27.040(6) provides that the prevailing party "in an action filed under this

section against the contractor and contractor's bond or deposit, for breach of contract by a

party to the construction contract involving a residential homeowner, is entitled to costs,

interest, and reasonable attorneys' fees." Observing that the various subsections of RCW

18.27.040 "expressly refer or relate to suits against the bond," our Supreme Court has

construed "[an] action[ ] 'filed under this section'" in subsection (6) as "refer[ring] only

to actions for recovery against the contractor's bond." *Cosmo. Eng'g Grp., Inc. v. Ondeo

Degremont, Inc.*, 159 Wn.2d 292, 299, 149 P.3d 666 (2006). We review the application

of a statutory attorney fee provision de novo. *E.g.*, *Hayfield v. Ruffier*, 187 Wn. App.

914, 918, 351 P.3d 231 (2015).

The action below was not an action against a contractor's bond, nor did it involve

a residential homeowner. RCW 18.27.040(6) does not apply.

*Fees on appeal*

Both parties request an award of reasonable attorney fees on appeal. The only

legal bases for reasonable attorney fees identified by Eagle Rock require that it be the

prevailing party, which it is not. HNS cites only RAP 18.1, without specifying the

No. 34923-3-III
*HNS, Inc. v. Eagle Rock Quarry, et al.*

applicable law that it contends gives it a right to an award of reasonable attorney fees on review. It may seek an award of costs under RAP 14.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Korsmo, J.

6